### No. 7468.

#### IN RE THE LOUISIANA MUTUAL INSURANCE CO.

The receiver of a fund in trust cannot evade or avoid responsibility and accountability, upon the pretext that the court which appointed him had no authority in the premises. His obligation to account rests upon broad principles, the operation of which cannot be defeated by a technicality, and they are to live honestly, not to injure another, and to render to every one his due.

APPEAL from the Third District Court of New Orleans. MONROE, J.

*Thomas* for R. S. Howard. *Bright*, and *Hornor & Benedict* for Opponents.

The above Insurance Company became insolvent and R. S. Howard was appointed receiver of it by the Superior District Court. He

In re The Louisiana Mutual Ins. Co.

rendered an account to that court woieh was opposed by Garcia Y. Leon and other creditors, but before action thereon the Superior District Court was abolished, and its records were directed to be transferred to the Third Court. The record in this case was lost, whereupon the creditors took the rule upon Howard in the Third Court to reinstate and supply the lost record, (1) by substituting copies of the several papers where they exist, (2) by compelling Howard to file a duplicate of his account, or if none exists, to file another. Howard excepted that since his appointment, the Supreme Court had decided that Superior District Court had not jurisdiction over corporations established in other way than by the General Assembly, and this insurance company was established by notarial act, and that the Superior Court, being without jurisdiction, its succession was equally so, and he was not amenable to its order in the premises. The lower court maintained the exception.

SPENCER, J. We think this ruling was erroneous. The proceeding should have been maintained as an independent proceeding in the Third District Court, to compel Howard to account for the assets and effects of the insurance company. It does not lie in his mouth to dispute his accountability therefor. Good conscience precludes that one should be permitted to take and keep property given him in trust, upon the pretext that the court confiding it to him had no authority. His accountability rests upon principles too broad for such a technicality to cover. They are that he who has unduly received a thing is obliged to restore or account for it; *honeste vivere, alterum non laedere, suum cuique tribuere.*

Recent statutes have conferred on the Third Court concurrent jurisdiction with the other courts of Orleans. It is true we have decided that the Superior Court had not jurisdiction in such case as this, and if the Third court had no other jurisdiction than that conferred upon it as successor of the Superior Court, it would be equally without jurisdiction. But it has, through its enlarged jurisdiction, as ample power to force Howard to account as any other court. He is bound to account. The plaintiffs in rule have asked that he be compelled to account. The court should have ordered him to do so.

*Judgment accordingly.*